UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY LEE WILSON,

      Plaintiff,

v.                                        Case No. 3:25-cv-476-MMH-PDB

CEO TODD JONES, et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 25; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on November 10, 2025. In the Report, the Magistrate Judge recommends that this case be dismissed with prejudice for failure to state a claim.[1]  See generally Report. In doing so, she concludes that leave to amend is not warranted because nothing suggests that a more carefully drafted complaint might state a claim and because Plaintiff was given two opportunities to file an amended complaint to successfully plead any claims he wished to pursue. See id.  On November 24, 2025, Plaintiff filed an objection

---

[1] The Magistrate Judge notes that dismissal as to Defendant Judge Dearing is warranted for the additional reason that she is entitled to judicial immunity. See Report at 8.

to the Report, see Plaintiff's Objection to Dismissing With Prejudice (Dkt. No. 26; Objection), and on December 8, 2025, Defendant Publix Super Markets, Inc. filed a response to the Objections, see Defendant Publix Super Markets, Inc.'s Reply to Plaintiff's Objection to Magistrate's Dismissal With Prejudice (Dkt. No. 27; Response to Objection).[2]  Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[3] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.;

---

[2] In the Response to Objections, counsel incorrectly refers to Judge Barksdale as "the Magistrate." Counsel should note that in 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge . . . ."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, in future filings in this or any other court, counsel should refer to a magistrate judge properly as "Judge _____" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

[3] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 9.

see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

It is apparent from a review of the Objection that Plaintiff is dissatisfied with the recommendations in the Report. See generally Objection. However, he fails to identify any factual or legal error in the Magistrate Judge's analysis. And, the Court independently identifies none.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objection to Dismissing With Prejudice (Dkt. No. 26) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 25) is **ADOPTED** as the opinion of the Court.

3. This case is **DISMISSED with prejudice**.

4. The Clerk of Court is directed to enter judgment dismissing this case with prejudice, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of December, 2025.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party